Case 4:20-cv-04006 Document 1-3 Filed on 11/24/20 in TXSD Page 1 of 7

Harris County - County Civil Court at Law No. 4

10/16/2020 2:26 PM
Chris Hollins
County Clerk
Harris County

NO. 1160241

| | | |
|---|---|---|
| **ROBERTO GUAJARDO** <br> **Plaintiff,** | § § § | IN THE COUNTY COURT AT LAW |
| **V.** | § § § | NO. ____ |
| **FIESTA MART, LLC** <br> **Defendant.** | § § | HARRIS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES ROBERTO GUAJARDO, hereinafter called Plaintiff, complaining of and about FIESTA MART, LLC, hereinafter called Defendant, and for cause of action would show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2. Plaintiff, ROBERTO GUAJARDO, is an Individual whose address is in Harris County, Texas.

3. ROBERTO GUAJARDO has not been issued a driver's license. The last three numbers of ROBERTO GUAJARDO's social security number are 116.

4. Defendant FIESTA MART, LLC, a Corporation based in Texas, is organized under the laws of the State of Texas, and service of process on the Defendant may be effected pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code, by serving the registered agent of the corporation, C T CORPORATION SYSTEM, at 1999 BRYAN STREET, #900, DALLAS, TEXAS 75201, its registered office. Service of said Defendant as described above can be effected by personal delivery.

**EXHIBIT 3**

1

## JURISDICTION AND VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court.

6. Plaintiff seeks:

   a. only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

7. This court has jurisdiction over the parties because Defendant is a Texas resident.

8. Venue in HARRIS County is proper in this cause.

## FACTS

9. At all times material hereto, Defendant FIESTA MART, LLC was the owner and/or possessor in control of the premises located at 1020 QUITMAN STREET, HOUSTON, TEXAS 77009.

10. ROBERTO GUAJARDO entered upon said premises on July 11, 2020, for the purpose of shopping. He entered on the said property of Defendant at the invitation of Defendant to engage in the act of shopping.

11. During the time that ROBERTO GUAJARDO was upon Defendant's property, ROBERTO GUAJARDO was seriously injured as a result of a dangerous condition in that he slipped and fell on a wet floor.

12. ROBERTO GUAJARDO's bodily injuries occurred as a direct result of a fall that was proximately caused by the dangerous condition described above, which Defendant knew or, in the exercise of ordinary care, should have known existed.

## LIABILITY OF DEFENDANT FIESTA MART, LLC

13. At all times mentioned herein, Defendant FIESTA MART, LLC owned and/or was the possessor in control of the property in question, located at 1020 QUITMAN STREET,

HOUSTON, TEXAS 77009.

14. At all times mentioned herein, Defendant FIESTA MART, LLC had such control over the premises in question that Defendant FIESTA MART, LLC owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

15. Defendant FIESTA MART, LLC, Defendant's agents, servants, and employees negligently permitted the floor to become wet, negligently or willfully allowed such condition to continue and negligently or willfully failed to warn Plaintiff of the condition of the floor. This condition existed despite the fact that Defendant FIESTA MART, LLC or Defendant's agents knew or should have known of the existence of the aforementioned condition and that there was likelihood of a person being injured as occurred to Plaintiff.

16. Furthermore, Plaintiff would show the court that the condition of the floor had continued for such period that, had Defendant FIESTA MART, LLC or Defendant's agents exercised ordinary care in the maintenance of the floor surface area, it would have been noticed and corrected by such persons.

17. At all times pertinent herein, Defendant FIESTA MART, LLC, and any of Defendant's agents, who were acting in the scope of their employment, were guilty of negligent conduct toward the Plaintiff in:

    A. Failing to properly inspect and maintain the flooring area in question to discover the dangerous condition;

    B. Failing to maintain the floor in a reasonably safe condition;

    C. Failing to give adequate and understandable warnings to Plaintiff of the unsafe condition of the flooring area;

    D. Failing to give warnings to Plaintiff of the unsafe condition;

    E. Failing to remove the water/liquid causing the slip and fall;

    F.    Failing to place some signs in the area in question;

    G.    Failing to discover and remove the water/liquid within a reasonable time; and

    H.    Failing to barricade the wet flooring area in question.

## PROXIMATE CAUSE

18. Each and every, all and singular of the foregoing acts and omissions, on the part of Defendant, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## EXEMPLARY DAMAGES

19. Defendant FIESTA MART, LLC's acts or omissions described above, when viewed from the standpoint of Defendant FIESTA MART, LLC at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendant FIESTA MART, LLC had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

20. Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiff from Defendant FIESTA MART, LLC.

## DAMAGES FOR PLAINTIFF, ROBERTO GUAJARDO

21. As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendant's acts as described herein, Plaintiff, ROBERTO GUAJARDO was caused to suffer severe personal injuries, and to endure anxiety, pain, and illness resulting in damages more fully set forth below.

22. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, ROBERTO GUAJARDO has incurred the following damages:

A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, ROBERTO GUAJARDO for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in HARRIS County, Texas;

B. Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

C. Physical pain and suffering in the past;

D. Mental anguish in the past;

E. Physical pain and suffering in the future;

F. Mental anguish in the future;

G. Physical impairment in the past;

H. Physical impairment which, in all reasonable probability, will be suffered in the future;

I. Loss of earnings in the past;

J. Loss of earning capacity which will, in all probability, be incurred in the future;

K. Loss of Household Services in the past;

L. Loss of Household Services in the future;

M. Disfigurement in the past;

N. Disfigurement in the future;

O. Fear of future disease or condition; and

P. Cost of medical monitoring and prevention in the future.

23. By reason of the above, Plaintiff, ROBERTO GUAJARDO has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

UNOFFICIAL COPY

## REQUEST FOR DISCLOSURE

24. Under Texas Rules of Civil Procedure 194, Defendant is requested to disclose, within 50 days of service of this Request, the information or material described in Texas Rule of Civil Procedure 194.2(a)-(l).

25. Under Texas Rules of Civil Procedure 190.2(b)-(6), Defendant is requested to disclose, within 50 days of service of this Request, all documents, electronic information, tangible items, that Defendant has in its possession, custody, control, and that it my use to support its defense.

## RULE 193.7 NOTICE

26. Pursuant to Texas Rules of Civil Procedure 193.7, Plaintiff hereby gives Notice to Defendant, that any and all documents produced by Defendant in response to written discovery, may be used against Defendant producing the documents at the pre-trial proceeding and/or at the trial of this case, without the necessity of authenticating the documents.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, ROBERTO GUAJARDO, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, excluding interest, and as allowed by Sec. 41.008, Chapter 41, Texas Civil Practice and Remedies Code; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

LAW OFFICE OF JOSEPH ONWUTEAKA, P.C.

By: ______________________________

Joseph Onwuteaka
Texas Bar No. 15291300
Email: Lawaction@aol.com
8323 Southwest Freeway, Suite 650
Houston, Texas 77074
Tel. (713) 271-5760
Fax. (713) 271-9206
Attorney for Plaintiff
ROBERTO GUAJARDO

UNOFFICIAL COPY