IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERTO GUAJARDO<br>Plaintiff, | § § § | |
| V. | § § | CASE NO. 4:20-CV-04006 |
| FIESTA MART, LLC<br>Defendant. | § § § | |

## MOTION TO REMAND

Plaintiff, ROBERTO GUAJARDO, files this motion to remand under U.S.C. sec. 1447(c).

I.

This is a slip and fall case in defendant's store, that was originally filed in the state court and removed by defendant to this court.

II.

A court must strictly construe the removal statutes in favor of remand and against removal. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042(9th Cir.2009); *Diaz v. Sheppard*, 85 F.3d 1502, 1505(11th Cir. 1996). A court may remand a case at any time on the basis of a lack of subject matter jurisdiction identified in the motion for remand,. 28 U.S.C. sec. 1447(c); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 n.64 (11th Cir. 2007). A court may remand a case on the basis of any procedural defect identified in a motion for remand within 30 days after the filing of the notice of removal under 28 U.S.C. sec. 1446(a). 28 U.S.C sec. 1447(c). *Lowery v. Ala. Power Co.*, 483 F. 3d1184, 1213 n. 64 (11th Cir. 2007).

III.

The court should remand this case to state court because that lawsuit does not involve a

federal question. 28 U.S.C. sec. 1447(c); *Bernhard v. Whitney Nat'L Bank, 523 F.3d 546, 551-52 (5th Cir. 2008); Dixon v. Coburg Diary, Inc., 369 F. 3d 811, 816 (4th Cir. 2004).* Defendant's notice of removal does not identify any federal question involved in this case.

IV.

The court should remand this case to state court because defendant has not shown that there is complete diversity between the plaintiff and defendant under 28 U.S.C. sec. 1332. Defendant is a Limited Liability Corporation. When members of a Limited Liability entity are themselves entities or associations, citizenship must be traced through however many layers of members there are until arriving at the entity that is not a limited liability entity and identifying its citizenship status. See, *Mullins v. Test America, inc., 564 F.3d 386, 397-98 (5th Cir. 2009).*

V.

For these reasons, plaintiff asks the Court to grant this motion and remand this suit to the state court where it was originally filed.

Respectfully submitted,

LAW OFFICE OF JOSEPH ONWUTEAKA, P.C.

By: _____
Joseph Onwuteaka
Texas Bar No. 15291300
Email: Lawaction@aol.com
8323 Southwest Freeway, Suite 650
Houston, Texas 77074
Tel. (713) 271-5760
Fax. (713) 271-9206
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I certify that on December 23, 2020 a true and correct copy of Plaintiff's Motion to to Remand was served on JERYN ROBERTS electronically through the electronic filing manager.

_____
Joseph Onwuteaka